ion of the court upon the question of law whether, under the acts of congress, visitorial powers over national banks are conferred upon internal revenue officers.

Upon the argument on the point reserved

Mr. Reed, for plaintiff, contended that such powers were vested in revenue officers by Rev. St. § 3177, and that Id. section 5241 did not exclude them therefrom.

Mr. Sweitzer, for defendant, argued these two propositions: (1) That section 37 of the act of June 30, 1864, (Rev. St. § 3177 [13 Stat. 238]), did not, in terms or by fair implication, extend to or include national banks; (2) that national banks are protected by positive statute against any other visitorial powers than such as are authorized by the national bank act, and such as are vested in courts of law and chancery.

Before McKENNAN, Circuit Judge (sitting as assessor), and McCANDLESS, District Judge.

THE COURT ordered judgment to be entered for the defendant upon the point reserved.

---

## Case No. 15,995.

### UNITED STATES v. PARKS.

[Cited in Re Crittenden, Case No. 3,393. Nowhere reported; opinion not now accessible.]

---

## Case No. 15,996.

### UNITED STATES v. PARKS.

[See Case No. 10,764.]

---

## Case No. 15,997.

### UNITED STATES v. PARMELE.

[1 Paine, 252.] [1]

Circuit Court, D. Connecticut. April Term, 1810.

PRINCIPAL AND AGENT — CONTRACT IN AGENT'S NAME.

No action will lie in the name of a principal, on a written contract made by his agent in his own name, although the defendant may have known the agent's character; and a demurrer, in such a case, to the declaration, where the United States were the plaintiffs, was sustained.

[Cited in Chandler v. Coe, 54 N. H. 567. Distinguished in Gilpin v. Howell, 5 Pa. St. 50; Huntington v. Knox, 7 Cush. 375. Cited in City of Providence v. Miller, 11 R. I. 278; Sisson v. Cleveland & T. R. Co., 14 Mich. 496.]

[Error to the district court of the United States for the district of Connecticut.]

LIVINGSTON, Circuit Justice. This cause coming up on a demurrer to the declaration, if that be insufficient there must be judgment for the defendant below. This action is brought on a written contract of the defendant [John Parmele] by which he acknowledged to have received from one Stephen Rainy one hundred barrels of flour, and agreed to be holden therefor to Alexander Wolcott, Esquire, or order, when called for, he paying ten cents per barrel storage. The objections to the declaration are, that no demand is stated to have been made of the defendant, nor any tender of the storage; and that no action will lie on this agreement in the name of the United States. The last objection is the only one which will be examined, for if that be well taken, the plaintiffs cannot recover in this suit. To obviate the force of this objection, which seemed to be felt, it has been said, that the action is not founded on the written contract, but on the right which vested in the United States by the seizure and condemnation of this property; and that the agreement was only made use of as evidence. Whether such an action could have been brought. this court is not bound to say; but the present suit is not of that description. It proceeds entirely on the defendant's contract, and the court, if it cannot discover his liability there. has no right to look for it elsewhere. It is also contended. that an interest in the United States is sufficient for the purpose of maintaining this suit. Such an interest, it is true, is disclosed in the declaration, so far as a seizure and confiscation could give it; but a science of these matters not being imputed to the defendant, it is not easy to perceive how he could suppose the public had any interest in the flour committed to his keeping. But if he knew every thing, it will not, in the judgment of this court, make any difference.

The United States, in a case of this kind, have no privilege or rights beyond those of an individual. If they sue on a contract, they are as much held to prove it as a private citizen, and any variance will be as fatal in the one case as the other. If this flour had been private property, but not that of Rainy or Wolcott, and it had been known to be so to the defendant, yet on this contract no suit could have been maintained, but in the name of the parties to it. None of the cases cited show that the cestuy que trust can bring an action at law, on an agreement made with his trustee. There is a fitness in confining the remedy to the party to whom the promise is made; in which case the judgment can always be pleaded in bar to another action. If the United States recover in this action, who can say that Parmele may not be vexed by another suit in the name of Rainy or Wolcott? The court, although it has an opinion, is not called upon to say who would have been the proper plaintiff in this case; but as no promise was made to the United States, it is sufficient to say, that they have altogether failed in making out their cause of action. The court cannot say, that an engagement to deliver this property to Rainy or Wolcott was one to deliver it to the United States, or to their marshal of this district. Where there is no

---

[1] [Reported by Elijah Paine, Jr., Esq.]